**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

AUG 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERMAN JAIMES SOLANO,

        Petitioner,

v.

TODD BLANCHE, Attorney General,

        Respondent.

No. 25-4902

Agency No.
A077-358-523

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 6, 2026**
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

    German Jaimes Solano, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") denying his third

motion to reopen. We dismiss the petition.

    We have "jurisdiction to review [BIA] decisions denying *sua sponte*

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Although Jaimes Solano contends that the BIA did not consider the Department of Homeland Security's lack of opposition to his motion or certain factors in its analysis of diligence, he does not identify any legal or constitutional error in the BIA's reasoning. We therefore lack jurisdiction over the petition and dismiss it.[1]

**PETITION DISMISSED.**[2]

---

[1] To the extent Jaimes Solano argues that the numerical limitation on motions to reopen should be equitably tolled, we have jurisdiction over this issue pursuant to 8 U.S.C. § 1252. But we agree with the government that Jaimes Solano failed to exhaust this issue before the BIA. *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) ("Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below . . . .").

[2] The temporary stay of removal (Dkt. No. 7) remains in place until the mandate issues.

25-4902